# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRAD GOULD d/b/a Macsimum Entertainment, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:10-CV-1114 CAS ) |
| LIL BOW WOW, INC., et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for default judgment against defendants Lil Bow Wow, Inc., and Shad Gregory Moss pursuant to Federal Rule of Civil Procedure 55(b). Plaintiff previously obtained Clerk's Entries of Default under Rule 55(a) against Lil Bow Wow, Inc., and Shad Gregory Moss on December 8, 2010, and February 22, 2011, respectively.

### I. Background

This is an action for damages arising from two concert agreements. According to the complaint, plaintiff, who was in the business of booking and promoting concerts, entered into an agreement with defendant Lil Bow Wow, Inc. for defendant Moss, who is a rapper know by the name "Bow Wow," to perform at a concert on May 31, 2009. This concert did not occur, and the parties subsequently entered into a second agreement for Bow Wow to perform at a concert on September 5, 2009. Plaintiff alleges he performed all his obligations under the agreement butBow Wow failed to appear and perform. Plaintiff brings claims against Lil Bow Wow, Inc. for negligent misrepresentation, unjust enrichment, and breach of contract. Plaintiff brings an alternative claim against defendant Moss for "piercing the corporate veil."

In his written motions for default judgment, plaintiff seeks $93,000.00 in damages. Plaintiff seeks $50,000.00, which was paid in installments as a fee under the agreements, and $43,000.00 for expenses incurred, such as the costs of the venue, security, DJ's, advertising, food, generators, and insurance. In support of these damages, plaintiff submitted the affidavit of Charles McRoberts, plaintiff's employee, who makes conclusory statements as to the amount of damages without any supporting documentation.

The Court held a hearing in this matter on July 14, 2011. At the hearing, plaintiff's counsel stated that the witness who could testify as to the $43,000.00 was unavailable and would be indefinitely. The Court did enter into evidence electronic withdrawal payments totaling $50,000.00 drawn on plaintiff's account.

## II. Analysis

### A.    Claim Against Defendant Moss - Piercing the Corporate Veil

When a default judgment is entered, facts alleged in the complaint may not be later contested. <u>Marshall v. Baggett</u>, 616 F.3d 849, 852 (8th Cir. 2010); Fed.R.Civ.P. 8(b)(6) ("An allegation-other than one relating to the amount of damages-is admitted if a responsive pleading is required and the allegation is not denied."). However, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, <u>since a party in default does not admit mere conclusions of law</u>." <u>Marshall</u>, 616 F.3d at (emphasis added).

In the complaint there are no factual allegations as to defendant Moss, other than he is the performer known as Bow Wow, and that he did not perform at the scheduled concerts. Defendant Moss was neither a party to the contracts nor did he make any representations to plaintiff. Plaintiff's claims against defendant Moss are solely based on the theory of piercing the corporate veil.

In Missouri, in order to pierce the corporate veil and hold an individual liable, the plaintiff must show:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> (2) Such control must have been used by the corporation to commit fraud or wrong, to perpetrate the violation of statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> (3) The control and breach of duty must proximately cause the injury or unjust loss complained of.
>
> 66, Inc. v. Crestwood Commons Redevelopment Corp., 998 S.W.2d 32, 40 (Mo. banc 1999).

In the complaint, plaintiff does allege defendant Moss "exercised complete domination over Lil Bow Wow, Inc. with regard to the [agreements]"; and defendant Moss "exercised such control to commit a fraud, a wrong, and dishonest and unjust acts." However, these are merely legal allegations, and the complaint is devoid of any factual allegations to support plaintiff's claim against defendant Moss.

At the July 14, 2011 hearing plaintiff's counsel was asked to provide the factual basis for plaintiff's claim of piercing the corporate veil – in other words, the basis for plaintiff's claim that defendant Moss exercised complete domination over Lil Bow Wow, Inc., and that he exercised this control to commit fraud or wrongdoings to plaintiff's detriment. In response, plaintiff's counsel stated that plaintiff was basing his claim against defendant Moss on the mere fact that he did not appear for the concert.

Under Eighth Circuit law, the factual allegations are insufficient to enter default judgment against defendant Moss. Marshal, 616 F.3d at 852. Defendant Moss was not a party to the

agreements at issue, and there is nothing to suggest that he was involved in the negotiations or made any representations to plaintiff. Furthermore, plaintiff failed to present adequate information to enter judgment against defendant Moss based on the theory of piercing the corporate. Plaintiff made no factual allegations to support his claim that defendant Moss exercised control over Lil Bow Wow, Inc. with respect to the agreements in order to "commit fraud or wrong, to perpetrate the violation of statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights." 66, Inc., 998 S.W.2d at 40. Finding the complaint to be devoid of factual allegations to support a claim against defendant Moss based on the theory of piercing the corporate veil and having not been provided with adequate information or evidence at the hearing, the Court must dismiss plaintiff's claims against defendant Moss. Marshall, 616 F.3d at 851 ("[t]he district court should have dismissed the complaint against [the individual defendant]").

### B. Damages

When a default judgment is entered on a claim for an "indefinite or uncertain amount of damages," facts alleged in the complaint "are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding." Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001). Actual damages must be proven "to a reasonable degree of certainty." Id.

In support of his motion for default judgment, plaintiff submitted the affidavit of Charles McRoberts. Mr. McRobert states that plaintiff paid defendant Lil Bow Wow, Inc. $50,000.00 in fees under the concert agreements. He also states, in one sentence, that as a result of the breach, plaintiff incurred $43,000.00 in expenses for "venue, security, DJ's, advertising, food, generators, and insurance." Doc. 21, Ex. C at 2-3. At the July 14 hearing, plaintiff's counsel submitted into evidence bank records showing plaintiff wire transferred $50,00.00 from his account to the broker

4

under the agreements. As for consequential damages, plaintiff's counsel stated he had no other evidence of the $43,000.00 in damages plaintiff allegedly sustained.

The Court finds there is sufficient evidence to find that plaintiff sustained $50,000.00 in damages as a result of Lil Bow Wow, Inc.'s breach of contract, and the Court will enter judgment in this amount. There is insufficient evidence, however, to find "to a reasonable degree of certainty" that plaintiff suffered $43,000.00 in damages as a result of the breach. <u>Everyday Learning Corp.</u>, 242 F.3d at 818. Mr. McRoberts's conclusory statement regarding $43,000.00 in alleged consequential damages is not enough to meet plaintiff's burden of proof. <u>Id.</u>

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Brad Gould's motion for default judgement against Lil Bow Wow, Inc. is **GRANTED in part.** Consistent with the terms of this Memorandum and Order, the Court shall enter judgment against Lil Bow Wow, Inc. in the amount of Fifty Thousand Dollars ($50,000.00). In all other respects, the motion is **DENIED.** [Doc. 18]

**IT IS FURTHER ORDERED** that plaintiff Brad Gould's motion for default judgement against defendant Shad Gregory Moss is **DENIED.** Plaintiff's claims against defendant Shad Gregory Moss are **DISMISSED.** [Doc. 21]

                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this   23rd    day of August, 2011.